# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

TOMEKA JEAN, Individually and
as Next Friend and Natural
Mother of John Doe, a Minor
Child,

     Plaintiff,

v.

LISA HORNSBY, individually,
et al.,

     Defendants.

CV 5:25-138

**ORDER**

Before the Court is Plaintiff's motion to remand, dkt. no. 15, wherein she argues Defendants' removal of this case was improper. The motion has been fully briefed, see dkt. nos. 20, 22, 28, 29, and is ripe for review. For the reasons stated below, Plaintiff's motion to remand is **DENIED**.

**BACKGROUND**

This case arises from the alleged sexual assault of Plaintiff Tomeka Jean's minor son while he was in foster care with the Georgia Division of Family and Children Services ("DFCS"). See generally Dkt. No. 1-1. On July 11, 2025, Plaintiff brought suit against the assigned foster parent and several DFCS employees in the State Court of Ware County, Georgia. Id. at 1. In the original

complaint,[1] Plaintiff named each Defendant, explained his or her role with DFCS and described his or her alleged failure to keep Plaintiff's minor son safe.  See generally id.  Plaintiff labeled Defendants "joint tortfeasors" who "knowingly violated mandatory duties under which they were operating as employees of DFCS."  Id. at 4, 7.  Plaintiff alleged Defendants' "failure to follow mandated DFCS policies makes them individually liable" to Plaintiff.  Id. at 7.  Plaintiff requested damages and attorneys' fees pursuant to O.C.G.A.  §  13-6-11,  Georgia's  general  fee-shifting  statute applicable to civil cases.  Id. at 8.

On August 20, 2025, Defendants moved to dismiss Plaintiff's complaint  for  failure  to  comply  with  the  *ante  litem*  notice requirement of the Georgia Tort Claims Act ("GTCA").  Dkt. No. 9-1 at 2.  Defendants acknowledged that Plaintiff did "not specifically invoke the GTCA" in the complaint, "other than [her] acknowledgment in paragraph 2 that venue in the case is controlled by O.C.G.A. § 50-21-28," the GTCA's venue provision, "which states that venue is proper in the county where the tort giving rise to [Plaintiff's] claims occurred."  Id. at 4.  Despite Plaintiff's lack of specificity, Defendants argued, "insofar as [Plaintiff]

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc., No. 8:18-CV-233-EAK-AAS, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1163–64 (5th Cir. 1988)).

seek[s] to assert tort claims against a state officer or employee for actions taken during the course and scope of his or her employment with a state government entity, [Plaintiff's] claims must be brought under the GTCA." Id. at 4-5.

On September 30, 2025, in response to Defendants' motion to dismiss, Plaintiff stated that, "[a]s clarified by the First Amended Complaint," which Plaintiff filed contemporaneously with her response brief, Plaintiff "seek[s] redress under the auspices of 42 U.S.C. § 1983, for violation of [Plaintiff's son's] constitutional right against the DFCS Defendants." Dkt. No. 9-2 at 4. Indeed, in the amended complaint, Plaintiff expressly brought claims pursuant to Section 1983 for violation of the Fourteenth Amendment and the Due Process Clause. Dkt. No. 1-2 at 10, 13. Plaintiff also sought attorneys' fees under 42 U.S.C. § 1988, which permits a court to award attorneys' fees in a § 1983 case. Id. at 15.

On October 29, 2025, twenty-nine days after Plaintiff filed the amended complaint, Defendants removed the case to this Court based on federal question jurisdiction. Dkt. No. 1. Plaintiff contends removal was untimely and now moves to remand the case to state court. Dkt. No. 15.

**LEGAL AUTHORITY**

Federal courts are courts of limited jurisdiction and may only hear cases that they have been authorized to hear by the

3

Constitution or by Congress.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  The general removal statute, 28 U.S.C. § 1441, allows removal of actions "of which the district courts of the United States have original jurisdiction." § 1441(a).  Thus, a suit may be removed to federal court under § 1441 only if it could have been brought there originally.

Under 28 U.S.C. § 1447(c), a federal court must remand an action that has been removed from state court if it appears the removal was improper.  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted).  Due to federalism concerns, federal courts strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful.  See Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). When the parties disagree on the existence of jurisdiction, "uncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

A party who removes a case to federal court must also comply with statutory procedural requirements. Unlike the requirement that federal jurisdiction must exist for effective removal,

4

litigants may waive procedural requirements for removal. <u>Wilson v. Gen. Motors Corp.</u>, 888 F.2d 779, 781 n.1 (11th Cir. 1989) (citing <u>Grubbs v. Gen. Elec. Credit Corp.</u>, 405 U.S. 699, 702 (1972)).

Finally, the requirement that courts strictly construe removal statutes in favor of remand, while usually invoked regarding questions of subject-matter jurisdiction, also applies to the procedural requirements for removal. <u>Tucker v. Equifirst Corp.</u>, 57 F. Supp. 3d 1347, 1351-52 (S.D. Ala. 2014) (citing <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002)).

## DISCUSSION

The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, requires that the notice of removal of a civil case "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." § 1446(b)(1). But when "the case stated by the initial pleading *is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3) (emphasis added).

## I.    Defendants' Notice of Removal

In the notice of removal, Defendants contend this case was not removable based on the original complaint because it contained only state law claims and diversity of citizenship between the parties did not exist.[2]  Dkt. No. 1 at 2.  Defendants state the case *became* removable once Plaintiff filed the amended complaint, which expressly contains federal law claims.  Id. at 2-3. Defendants contend their removal was timely because the case was removed within thirty days after Defendants received the amended complaint.  Id. at 3; see also 28 U.S.C. § 1446(b)(3) (requiring removal within thirty days of receipt of amended pleading "from which it may be first ascertained that the case is one which is or has become removable").

## II.   Plaintiff's Motion to Remand

In her motion to remand, Plaintiff argues "the original Complaint provided sufficient notice of federal question jurisdiction to trigger Defendants' thirty-day removal period," and, therefore, Defendants' removal—over three months after being served with the original complaint—was untimely and this case must be remanded.  Dkt. No. 15 at 1-2.  In support of her motion, Plaintiff first argues that, though she did not "explicitly invok[e] § 1983 by name" in the original complaint, she "explicitly

---

[2]   The parties agree, and the complaint shows, that diversity jurisdiction does not exist in this case.  Dkt. No. 1-1.

sued all state employee defendants in their individual capacities." Id. at 3 (citing original complaint caption). Plaintiff states the individual-capacity designation "is the hallmark of § 1983 litigation and is incompatible with [GTCA] claims," because the GTCA prohibits naming state employees individually. Id. at 3-4. Second, Plaintiff argues "the original Complaint alleged far more than common law negligence," because "[i]t described deliberate, knowing violations of mandatory child protection duties by state actors—the essence of § 1983 liability." Id. at 5. Finally, Plaintiff argues Defendants knew or should have known from the original complaint that Plaintiff was not proceeding under the GTCA, because Plaintiff had not provided written *ante litem* notice to Defendants as required by the GTCA. Id. at 6. In summary, Plaintiff argues "[t]he cosmetic changes in the Amended Complaint that merely made explicit what was implicit in the original pleading do not restart the removal clock." Id. at 9.

### III.   The Well-Pleaded Complaint Rule

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. (footnote omitted). "The presence or absence of federal-question jurisdiction is governed

by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists *only* when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*." Id. (emphasis added) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. (footnote omitted).

Though Plaintiff argues the original complaint *clearly* contained federal law claims pursuant to § 1983, dkt. no. 15 at 9, a federal law claim was anything but clear. First, Plaintiff's argument that her suing Defendants in their individual capacity was a "hallmark" sign of a § 1983 claim is overstated at best. Plaintiff did not reference § 1983 at all in the original complaint. See Dkt. No. 1-1. Nor did Plaintiff reference § 1988— the fee-shifting statute applicable to § 1983 cases—when she made a demand for attorneys' fees. See id. Plaintiff *did* reference, however, the GTCA. Id. at 2 (citing O.C.G.A. § 50-21-28, the GTCA's venue provision). Plaintiff's reference to the GTCA diminishes her argument that the individual capacity claims in the original complaint reflect her intent to pursue § 1983 claims rather than GTCA claims. The fact remains that the original complaint mentioned state law in its fees request but failed to reference any federal law in any portion of the original pleading.

Not until the amended complaint was filed did Plaintiff invoke federal law.

Plaintiff's next argument—that the original complaint "described deliberate, knowing violations of mandatory child protection duties by state actors—the essence of § 1983 liability"—is also unavailing. Id. at 5. Nowhere in the original complaint does Plaintiff use the word "deliberate," much less "deliberate indifference," to indicate a § 1983 claim. Dkt. No. 1-1. And while Plaintiff does allege four of the nine Defendants "knowingly" violated their duties as DFCS employees, id. at 7, a knowing breach of a duty is not a requirement exclusive to § 1983 claims. Indeed, Plaintiff's allegations in the original complaint of knowing violations of mandatory duties lends support to her express request for attorney's fees pursuant to O.C.G.A. § 13-6-11. To be awarded expenses of litigation in a tort action under § 13-6-11, Plaintiff must show "conduct that is generally indicative of intentional wrongdoing or of a reckless disregard of known harmful consequences and must be more than mere negligence." Harris v. Grant-Malcolm, No. A25A2124, 2026 WL 708902, at *5 (Ga. Ct. App. Mar. 13, 2026) (quoting Love v. McKnight, 913 S.E.2d 614, 617 (Ga. 2025)). Thus, Plaintiff's single use of the word "knowingly" to describe Defendants' alleged dereliction of duties does not clearly indicate Plaintiff's pursuit of a § 1983 claim or any other federal claim.

Least convincing of all is Plaintiff's argument that because she failed to comply with GTCA's *ante litem* notice requirement, the Defendants should have known that, although only state law statutes are referenced, she really sought recovery for federal claims pursuant to unidentified federal statutes. No, the Defendants should not have known that. Neither the federal system nor the state courts of Georgia contemplate such "Jujutsu" pleading ploys. It is entirely possible that Plaintiff instead simply failed to satisfy the GTCA's prerequisite for filing a lawsuit or that Plaintiff sought relief under some other state law cause of action. Again, the only legal citations contained in the complaint referenced state law exclusively.

Tellingly, in her response to Defendants' motion to dismiss the original complaint, Plaintiff stated she filed the amended complaint to "clarify" that she "seek[s] redress under the auspices of 42 U.S.C. § 1983, for violation of [Plaintiff's son's] constitutional right against the DFCS Defendants." Dkt. No. 9-2 at 4. Such clarification, of Plaintiff's own volition, further shows that the original complaint did not "provide[] clear notice of federal constitutional claims" as Plaintiff now urges. Dkt. No. 15 at 9.

At bottom, "the well-pleaded complaint rule provides that the plaintiff's properly pleaded complaint governs jurisdictional determinations." Cevallos v. Silva, 541 F. App'x 390, 393 (5th

Cir. 2013); see also The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon."); Great N. R. Co. v. Alexander, 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").  In the original complaint, Plaintiff made no mention of § 1983, the U.S. Constitution, or deliberate indifference.  Plaintiff also did not seek attorney fees under § 1988.  When "on its face, [] a complaint contains no issue of federal law, there is no federal question jurisdiction." Cevallos, 541 F. App'x at 393 (citing Caterpillar, Inc., 482 U.S. at 391-92); see also Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").  The allegations in Plaintiff's original complaint are simply "too ambiguous to establish federal question jurisdiction." Cevallos, 541 F. App'x at 393.  To hold otherwise would reward Plaintiff, who is represented by counsel, for filing a pleading that does not clearly indicate the legal bases upon which Plaintiff's claims rest.

Therefore, this case was not removable based on the original complaint.  The case became removable only when Plaintiff filed the amended complaint, from which Defendants could "first [] ascertain[] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Accordingly, Defendants' removal of this

11

case within thirty days after their receipt of the amended complaint was timely, and Plaintiff's motion to remand, dkt. no. 15, is **DENIED.**

**CONCLUSION**

Plaintiff's motion to remand, dkt. no. 15, is **DENIED.**

**SO ORDERED**, this 23rd day of April, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA